**UNITED STATES of America,**
**Appellee,**

v.

**John BONILLA, Defendant–Appellant.**

**No. 00–1821.**

United States Court of Appeals,
Second Circuit.

Aug. 16, 2000.

Larry Sheehan, Scarsdale, NY, for appellant.

Nikki Kowalski, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY, for appellees.

Present MINER, CALABRESI, and CABRANES, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the judgment of the district court be and it hereby is AFFIRMED.

This appeal arises from John Bonilla's guilty plea and corresponding sentence for obstructing (by robbery) the movement of articles in commerce in violation of 18 U.S.C. § 1951 and for carrying a firearm during a crime of violence in violation of 18 U.S .C. § 924(c)(1). Bonilla along with Jose Real and Real's minor nephew carried out a series of four armed robberies between December 1999 and March 1998. When the F.B.I. arrested Real, he agreed to cooperate with the government and provided substantial information regarding Bonilla's participation in the robberies.

A grand jury indicted Bonilla on July 12, 1999. During discovery, the government gave Bonilla copies of its investigative reports, including not only the information furnished by Real but also statements from two additional individuals regarding Bonilla's participation in the robberies, the transcripts of recorded conversations between Bonilla and Real, and copies of search warrants and applications. In light of the substantial evidence against Bonilla, Bonilla's attorney advised him to plead guilty and accept the government's plea offer. As a result, Bonilla entered a guilty plea on October 19, 1999. Prior to his sentencing, Bonilla removed his electronic monitor and remained at-large from November 3, 1999 until March 22, 2000. He was returned to the custody of the United States District Court for the Eastern District of New York on April 7, 2000.

Bonilla filed a motion to withdraw his guilty plea on June 16, 2000, claiming (1) that he is innocent of the charges against him, (2) that his plea was not voluntary but was coerced by his former attorney, and (3) that he was not properly informed of the strength of the government's case against him, did not receive all of the discovery materials, and did not understand the materials that he did receive. He supported his motion with an affidavit providing conclusory statements to the same effect. In an order on June 27, 2000, the district court denied Bonilla's motion. The court reasoned that under Federal Rule of Criminal Procedure 32(e) and *United States v. Torres*, 129 F.3d 710 (2d Cir.1997), (a) Bonilla's proffered reasons were implausible and contradicted by his sworn statements during the plea allocution, (b) his assertion of innocence lacked factual support and was similarly contradicted by statements made by him during the plea allocution, and (c) the timing of Bonilla's motion militated against a finding that he had entered his plea in haste or confusion. Because Bonilla did not offer

sufficient grounds for his motion, the district court concluded that the government was not required to show prejudice. Bonilla was sentenced on December 7, 2000 and this timely appeal followed.

### 1. Fugitive Disentitlement Doctrine

■ As an initial matter, the government suggests that we dismiss Bonilla's appeal under the fugitive disentitlement doctrine. Under this doctrine, appellate courts may exercise discretion to refuse to rule on the merits of a postconviction claim of trial error when the defendant fled from justice and was apprehended prior to his appeal. *Ortega–Rodriguez v. United States*, 507 U.S. 234, 249, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993); *United States v. Bravo*, 10 F.3d 79, 84–85 (2d Cir.1993). Appellate application of the doctrine requires that a sufficient nexus exists "between a defendant's fugitive status and his appeal." *Ortega–Rodriguez*, 507 U.S. at 249, 113 S.Ct. 1199; *Bravo*, 10 F.3d at 84. This nexus is found when "a long escape, even if ended before sentencing and appeal" so delays "the onset of appellate proceedings that the Government would be prejudiced in locating a witness and presenting evidence at retrial after a successful appeal." *Ortega Rodriguez*, 507 U.S. at 249, 113 S.Ct. 1199. In *United States v. Morgan*, 254 F.3d 424, 427–28 (2d Cir. 2001), for example, we applied the doctrine when, after a defendant's six-year absence, the government would not be able to locate its cooperating witness were a trial to be ordered following the appeal. We need not address whether the application of the doctrine to this appeal is appropriate, however, because we find, on the merits, that the district court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea.

### 2. Motion to Withdraw the Guilty Plea

Under Federal Rule of Criminal Procedure 32(e) a defendant may withdraw his

guilty plea if he shows a "fair and just reason" for withdrawal. *United States v. Goodman,* 165 F.3d 169, 173 (2d Cir .1999); *Torres,* 129 F.3d at 715. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *Goodman,* 165 F.3d at 173.

Bonilla concedes that the plea allocution given to him was proper and instead challenges his plea's validity based upon circumstances prior to the allocution. He claims that he is innocent, that his attorney coerced him, and that he did not receive and did not understand the government's evidence. Despite these claims, the district court found that Bonilla did not provide sufficient evidence showing a fair and just reason for a withdrawal of his guilty plea. It also held that the timing of his motion in no way suggested that the plea had been made in haste or confusion.

Neither Bonilla's affidavit nor his brief offer any evidentiary support for his claims. This Circuit has consistently affirmed denials of motions to withdraw guilty pleas when the defendant's allegations are "directly contradicted by his clear statements at allocution" that contained sufficient factual detail about the offense. *United States v. Gonzalez,* 970 F.2d 1095, 1101 (2d Cir .1992); *see also United States v. Diaz,* 176 F.3d 52, 114 (2d Cir.1999) (finding no abuse of discretion when the defendant's sworn statements during a proper plea allocution contradicted his claim on appeal that his guilty plea was involuntary). A "defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *Torres,* 129 F.3d at 715. *Cf. United States v. Millan–Colon,* 829 F.Supp. 620, 636 (S.D.N.Y.1993), *aff'd on other grounds,* 17 F.3d 14 (2d Cir.1994) (granting a motion to withdraw a guilty plea when the defendants established that the government withheld material impeachment evidence and, that had defendants known this information, they would not have pled guilty). In light of Bonilla's failure to provide evidentiary support for his claims, we hold that the district court did not abuse its discretion by denying Bonilla's motion to withdraw the guilty plea.

Having reviewed all of plaintiff's claims and finding them to be without merit, we AFFIRM the judgment of the district court.